**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Criminal Action No. 13-cr-0194-WJM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

1. **DONTAE DANIEL HINES**,

    Defendant.

---

**ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL**

---

Defendant Dontae Daniel Hines ("Defendant") is charged in a three-count Indictment with possession of a firearm by a prohibited person, possession of cocaine base with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 2.) On August 19, 2013, Defendant filed an Unopposed Motion for Competency Evaluation ("Motion") asking the Court to authorize a psychiatric or psychological evaluation of the Defendant and, thereafter, to set a hearing to determine Defendant's competency to proceed. (ECF No. 17.) The Court granted the Motion and ordered that a psychiatric or psychological evaluation of the Defendant be conducted. (ECF No. 18.)

On September 30, 2013, the Court received the Psychiatric Report prepared by Dr. Susan Bograd, M.D. (ECF No. 19.) Dr. DeMier found that Defendant was currently suffering from symptoms of a major mental disorder that would impair his ability to under the nature and the consequences of the proceedings against him or render him

unable to assist his counsel is preparing his defense. (*Id*. at 16.) Upon receipt of the Psychiatric Report, the Court ordered the parties to notify it by October 11, 2013 if either party felt that a competency hearing in accordance with 18 U.S.C. § 4241(c) and 4247(d) was necessary. (ECF No. 20.) On October 3, 2013, Defendant's counsel responded to the Order, stating that both he and counsel for the Government had reviewed the Psychiatric Report, and that "neither party has any objection to the findings set out in Dr. Bograd's Report. Accordingly, both parties would request that the Court, without need for any further hearing on the matter, adopt the findings set out in Dr. Bograd's report". (ECF No. 21.) The Government did not file a separate response to the Court's Order.

On October 4, 2013, the Court adopted the findings in Dr. Bograd's report, declared Defendant incompetent to proceed at that time, and ordered the parties to file a Status Report on or before January 31, 2014 as to how the case should proceed. (ECF No. 22.) The Court committed Defendant to the custody of the Attorney General for hospitalization, to see if he could attain the capacity to permit the trial in this matter to proceed. (*Id.* at 2). Defendant was placed at the federal medical facility located in Springfield, Missouri ("MCFP Springfield").

The parties' Status Report was duly filed on January 31, 2014, as a result of which the Court ordered another competency evaluation in order to ascertain "(1) If Mr. Hines has recovered to such a degree that he is now able to understand the nature and consequences of the proceedings against him, and have the ability to properly assist in his defense; (2) If Mr. Hines has not fully recovered, whether there is a substantial probability that within an additional reasonable period of time he will attain the capacity

2

to permit the proceedings to move forward; or (3) whether Mr. Hines is incapable of attaining the necessary mental capacity to permit the proceedings to continue." (ECF No. 25 at 2.)  To that end, the Warden of MCFP Springfield, Linda Sanders, was directed to prepare and file a Status Report on or before February 28, 2014 as to his or her professional opinion as to these questions.  (*Id.* at 3.)  Although the Status Report was not timely filed, on March 31, 2014 the Court received a letter from the Warden of MCFP Springfield noting that "[i]n the opinion of our clinical staff, . . . [Defendant] is mentally competent to stand trial at this time.  He presently has the mental capacity to understand the legal proceedings against him and to assist an attorney in preparing his defense." (ECF No. 29 at 1.)  The letter was accompanied by a Certificate of Competency and a new Forensic Psychological Report by Dr. Christina A. Pietz, Ph.D., supporting the Warden's conclusion and noting that Defendant's "previously observed mental health problems are currently controlled with medication." (*Id.* at 8.)

Upon receipt of the letter, Certificate of Competency, and Forensic Psychological Report, the Court ordered the parties to notify it by April 15, 2014 if either party felt that a competency hearing in accordance with 18 U.S.C. § 4241(c) and 4247(d) was necessary. (ECF No. 30.)  No response was filed by either party.  Accordingly, the Court will resolve the issue of competency on the papers presently before it.  (*Id.*)

The Constitution forbids the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008).  The Court must commit a defendant for treatment if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to under the nature and the consequences of the proceedings

against him or to assist properly in his defense." 18 U.S.C. § 4241(d).  Having reviewed the only evidence in this case, namely, the Psychiatric Report prepared by Dr. Susan Bograd, M.D., the letter and Certificate of Competency from the Warden of MCFP Springfield, and the Forensic Psychological Report by Dr. Christina A. Pietz, Ph.D., the Court finds that Defendant is no longer suffering from a mental defect that renders him incompetent to stand trial.  The Court also notes that neither party contests the findings and conclusions of the recently filed Forensic Psychological Report.  Accordingly, the Court finds that Defendant Dontae Daniel Hines is competent to proceed with this case.

As the trial date and related deadlines were vacated on August 28, 2013 when the Court granted Defendant's Motion for Determination of Competency (ECF No. 18), it is hereby ORDERED as follows:

A.     All pretrial motions shall be filed by no later than **May 23, 2014**.  Responses to these motions shall be filed by no later than **June 2, 2014**.  No reply shall be permitted without prior leave of Court.  If a party believes an evidentiary hearing on a pretrial motion is necessary, a written request for same must be made by no later than the pretrial motion deadline;

B.     The Court will not consider any motion related to the disclosure or production of discovery that is addressed by the Discovery Memorandum and Order and/or Fed. R. Crim. P. 16, unless prior to filing the motion counsel for the moving party has conferred or made reasonable, good-faith efforts to confer with opposing counsel in an effort to resolve the disputed matter.  If the parties are unable to resolve the dispute, the moving party shall state in the motion the specific efforts which were taken to comply with this Order to Confer.  Counsel for the moving party shall submit a proposed

order with all motions, opposed and unopposed.  Opposed disclosure or discovery motions which do not demonstrate meaningful compliance with this Order to Confer will be stricken;

      C.      Expert witness disclosures pursuant to Fed. R. Crim. P. 16 shall be made no later than seven days before the pretrial motion deadline, and any challenges to such experts shall be made by said deadline;

      D.      Disclosures regarding rebuttal expert witnesses shall be made one week after the pretrial motion deadline, and any challenges to such rebuttal experts shall be made no later than two weeks after said deadline;

      E.      Local Rule D.C.COLO.LCrR 11.1 applies fully to this case.  Absent an Order permitting or directing otherwise, a Notice of Disposition shall be filed **no later than 14 days before the trial date**.  Upon the filing of a Notice of Disposition the Court will generally convert the Final Trial Preparation Conference to a Change of Plea hearing, unless for good cause shown a party demonstrates the interests of justice are better served by scheduling the Change of Plea hearing at a later date;

      F.      A Final Trial Preparation Conference is hereby set for **June 17, 2014 at 2:00 p.m. in Courtroom A801**. Lead counsel who will try the case must attend in person.  Any outstanding motions may be addressed at the time of the Final Trial Preparation Conference;

      G.      The parties must be prepared to address at the Final Trial Preparation Conference some or all of the issues which may affect the duration or course of the trial referenced in the Court's Revised Practice Standards applicable to such Conferences;

H.	A **4-day** jury trial is hereby set to commence in the U.S. Courthouse, **Courtroom A801**, 901 19th Street, Denver, Colorado, on **June 23, 2014 at 8:00 a.m.**; and

I.	Counsel are directed to this Court's Revised Practice Standards to ensure compliance with all deadlines triggered by the setting of the Final Trial Preparation Conference and Trial.

Dated this 7th day of May, 2014.

BY THE COURT:

William J. Martinez
United States District Judge